UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WENDELL MINNIFIELD,
      Plaintiff,

v.                                                       CASE NO. 3:14-cv-01580 (VAB)

ERIN DOLAN, ET AL.,
      Defendants.

## **INITIAL REVIEW ORDER**

The plaintiff, Wendell Minnifield, currently incarcerated at MacDougall-Walker Correctional Institution ("MacDougall"), filed a civil rights complaint [Doc. No. 1] ("Complaint") *pro se* under 42 U.S.C. § 1983. Nursing Supervisor Erin Dolan, Nursing Supervisor Heidi Greene and Dr. O'Halloran are the defendants named in the Complaint. Mr. Minnifield also filed a motion for appointment of counsel [Doc. No. 4].

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint . . . [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." After its initial review of the Complaint, the Court has determined the following:

(1) the claims in the Complaint against defendants Greene and O'Halloran are dismissed, although Mr. Minnifield may file an amended complaint to the extent that he can meet the legal standard articulated in this order;

(2) the claims against defendant Dolan in her official capacity for monetary damages are dismissed;

(3) the claims against defendant Dolan in her individual capacity and in her official capacity, to the extent that the plaintiff seeks injunctive relief, under the Eighth

1

Amendment for deliberate indifference to medical needs shall proceed; and

(4) the motion for appointment of counsel is denied without prejudice.

I.  **Initial Review of Complaint**

    A.    Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

A complaint that includes only "'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action'" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

    B.    Allegations

The Complaint essentially contains three factual allegations. First, on June 5, 2014, prison officials at Cheshire Correctional Institution ("Cheshire") transferred Mr. Minnifield to MacDougall. For years during his confinement at Cheshire, he had been treated for an

unidentified medical condition, but upon his arrival at MacDougall, Nursing Supervisor Dolan ordered his medical treatment to be discontinued. He then suffered headaches, dizziness and trouble sleeping as a result.

Second, each time Mr. Minnifield visited the medical department, he was required to pay a sick call co-payment. He sent a request to Nursing Supervisor Greene to clarify why he must pay the co-payments, but Greene did not respond.

Third, on August 29, 2014, a doctor explained that he had changed Mr. Minnifield's medical treatment at the direction of Nursing Supervisor Dolan. The plaintiff does not understand why his medical treatment has been changed. The plaintiff has filed grievances regarding his medical treatment. He now seeks monetary damages and injunctive relief.

   C.   Applicable Law

Mr. Minnifield's allegations are best characterized as a claim of deliberate indifference brought under 42 U.S.C. § 1983 and the legal standard applicable to that claim should be applied here. *See Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (pleadings of *pro se* party must be interpreted "to raise the strongest arguments that they suggest"). Deliberate indifference by prison officials to a prisoner's serious medical or mental health needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jareck v. Hensley*, 552 F. Supp. 2d 261, 264 (D. Conn 2008). To prevail on a deliberate indifference claim, a plaintiff must provide evidence of sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care, or the wanton infliction of unnecessary pain by prison personnel. *See Estelle*, 429 U.S. at 104-06.

Mere negligence will not support a section 1983 claim. *See id.; Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation."). Furthermore, mere disagreement with prison officials as to what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

Mr. Minnifield's first allegation, that Nursing Supervisor Dolan discontinued and therefore denied him medical treatment for a medical condition, sufficiently states a claim for deliberate indifference. Of course, without substantially more, these allegations do not provide a basis for a ruling that Ms. Dolan violated Mr. Minnifield's constitutional rights. This Court is only holding that the plaintiff has stated a plausible claim of deliberate indifference against defendant Dolan in her individual capacity, and has stated a plausible claim of deliberate indifference against defendant Dolan in her official capacity, to the extent that such claim seeks injunctive relief.

To the extent that the plaintiff seeks monetary damages from defendant Dolan in her official capacity, those claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). Accordingly, the plaintiff's claims for monetary damages against defendant Dolan in her official capacity are dismissed under 28 U.S.C. §

1915A(b)(2).

Mr. Minnifield's second allegation, that Nursing Supervisor Greene did not respond to his request for clarification as to why he must pay co-payments when he visits the medical department, does not state a claim of deliberate indifference to his medical needs. Other circuits have recognized that denying medical treatment to a prisoner who cannot make a co-payment may violate the Eighth Amendment. *See, e.g.*, *Cannon v. Mason*, 340 F. App'x 495, 498 (10th Cir. 2009) ("The Eighth Amendment prohibits prison officials from denying an inmate medical treatment due to a lack of funds or conditioning the provision of needed medical services upon an inmate's ability to pay."); *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (prison officials may not condition provision of medical services on inmate's ability or willingness to pay). However, the Complaint does not allege that Nursing Supervisor Greene denied Mr. Minnifield treatment because he was unable to make a co-payment. Accordingly, the plaintiff's claims against defendant Greene are dismissed under 28 U.S.C. § 1915A(b)(1). To the extent that there is a viable basis for alleging such a claim, the Court grants the plaintiff leave to amend the Complaint with respect to his claims against Nursing Supervisor Greene in accordance with order (8) below.

Mr. Minnifield's third allegation also falls short of stating a claim of deliberate indifference to his medical needs against Dr. O'Halloran. He alleges that he was seen in the medical department by a doctor, but does not identify the doctor by name. The plaintiff does not mention Dr. O'Halloran other than in the caption of the Complaint and description of the parties. Thus, the plaintiff has not alleged that Dr. O'Halloran was deliberately

indifferent to his medical needs. Accordingly, the plaintiff's claims against defendant O'Halloran are dismissed under 28 U.S.C. § 1915A(b)(1). To the extent that there is a viable basis for alleging such a claim, the Court grants the plaintiff leave to amend the Complaint with respect to his claims against Dr. O'Halloran in accordance with order (8) below.

II.     **Motion for Appointment of Counsel**

The plaintiff asks the court to appoint *pro bono* counsel to represent him. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

The plaintiff's motion for appointment of counsel states that he contacted two attorneys in August 2014. One declined to represent him and the other did not reply to his letter. These two attempts are insufficient to show that he cannot secure legal assistance on his own. Furthermore, the plaintiff does not indicate whether he has contacted the Inmates' Legal Assistance Program. *See Tucker v. Hayes*, No. 3:04 CV 1555(RNC), 2005 WL 2002486, at *1 (D. Conn. Aug. 18, 2005) (denying motion for appointment of counsel because plaintiff had not contacted Inmates' Legal Assistance Program). Although attorneys at the Inmates' Legal Assistance Program may not be able to represent him in this matter, they may be able to assist him in litigating the case.

The possibility that the plaintiff may be able to secure legal assistance or

representation independently precludes appointment of counsel by the court at this time. The motion for appointment of counsel is denied without prejudice. Any renewal of this motion shall be accompanied by a summary of the plaintiff's attempts to secure legal assistance or representation and the reasons why assistance was unavailable.

## ORDERS

The court enters the following orders:

(1)     The claims in the Complaint [**Doc. No. 1**] against defendants Greene and O'Halloran are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and the claims against defendant Dolan in her official capacity for monetary damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The Eighth Amendment claims of deliberate indifference to medical needs shall proceed against defendant Dolan in her individual capacity and in her official capacity to the extent that the plaintiff seeks injunctive relief. The Motion for Appointment of Counsel [**Doc. No. 4**] is **DENIED** without prejudice. The plaintiff may re-file the motion at a later stage of the litigation.

(2)     Within twenty-one (21) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the Complaint and this Order on the defendant Dolan in her official capacity by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)     Within twenty-one (21) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for defendant Dolan and mail a waiver of service of process request packet to defendant Dolan in her individual capacity at her current work address. On the thirty-fifth (35th) day after mailing,

the Clerk shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut Assistant Attorney General Terrence M. O'Neill and the Department of Correction Legal Affairs Unit.

(5) Defendant Dolan shall file her response to the Complaint, either an answer or motion to dismiss, within sixty (60) days from the date that the Notice of Lawsuit and Waiver of Service of Summons are mailed to her.  If the defendant chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claims recited above.  She may also include any and all additional defenses permitted by the Federal Rules of Civil Procedure.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8) Within thirty (30) days of the date of this order, the plaintiff may file an amended complaint provided that he can describe the nature of his allegedly serious medical condition, specifically allege that Dr. O'Halloran and/or Nursing Supervisor Greene were involved in the alleged deliberate indifference to his serious medical condition, and

provide the dates on which the alleged deprivations of medical treatment occurred. If the plaintiff seeks to continue to proceed as to his claims against defendant Dolan, he must also include her as a defendant and the allegations against her in any amended complaint that he files.

    SO ORDERED at Bridgeport, Connecticut this ninth day of February, 2015.

                            /s/ Victor A. Bolden
                            VICTOR A. BOLDEN
                            UNITED STATES DISTRICT JUDGE