UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL MINNIFIELD,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CASE NO. 3:14-cv-1580 (VLB) |
| | : |
| ERIN DOLAN, ET AL.<br>    Defendants. | :    October 5, 2015<br>: |

## INITIAL REVIEW ORDER

The plaintiff, Wendell Minnifield, currently incarcerated at MacDougall Correctional Institution, filed this civil rights complaint *pro se* pursuant to 42 U.S.C. § 1983. The defendants named in the Complaint are Nursing Supervisor Erin Dolan, Nursing Supervisor Heidi Green, and Dr. O'Halloran.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

1

the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on June 5, 2014, prison officials at Cheshire Correctional Institution transferred him to MacDougall Correctional Institution.  The plaintiff had been treated for a scalp condition for years during his confinement at Cheshire.  The plaintiff claims that upon his arrival at MacDougall, Nursing Supervisor Dolan ordered his medical treatment to be discontinued.  The plaintiff's treatment included cleaning his wounds and changing the bandages covering the wounds.  Since his treatment was discontinued, his condition has gotten worse and he suffers from severe pain, headaches, dizziness and trouble sleeping.  Plaintiff further claims that on June 13, 2014, prior to the discontinuation of his treatment, Defendants O'Hallaran and Dolan threatened to transfer him back to Cheshire if he did not agree to stop seeking his treatment.  Plaintiff also contends that on July 17 and 18, 2014, he was denied treatment upon the order of Defendant Dolan.  In addition, on the 18th, Defendant Greene informed the plaintiff that she'd directed the nursing staff to refuse him treatment on Dolan's instruction, and if he sought

treatment, he needed to complete a sick-call request.  Finally, the plaintiff contends that on February 19, 2015, he learned that Defendant Greene would no longer perform a portion of his treatment.

The plaintiff has filed grievances regarding his medical treatment.  He seeks monetary damages and injunctive relief.

Deliberate indifference by prison officials to a prisoner's serious medical or mental health needs constitutes cruel and unusual punishment in violation of the Eighth Amendment.  See *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jareck v. Hensley*, 552 F. Supp. 2d 261, 264 (D. Conn 2008).  To prevail on such a claim, a plaintiff must provide evidence of sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel.  See *Estelle*, 429 U.S. at 104-06.  Mere negligence will not support a section 1983 claim.  See *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law").  Furthermore, mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment.  "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."  *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

To the extent that the plaintiff seeks monetary damages from the defendants in their official capacities, those claims are barred by the Eleventh Amendment, are

therefore DISMISSED.  *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).

The court concludes that the plaintiff has stated plausible claims of deliberate indifference to his medical needs against the three named Defendants in their individual capacities.  However, his claim is limited to the denial of the medical treatment for his scalp condition.  Any claims based on the denial of treatment through requiring a co-pay are DISMISSED.

## ORDERS

The court enters the following orders:

(1)     Within twenty-one (21) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for Defendants Erin Dolan, Heidi Greene, and Dr. O'Halloran, and mail a waiver of service of process request packet to each in their individual capacities at their current work addresses.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     The Clerk shall send a courtesy copy of the Complaint and this Order to

the Connecticut Assistant Attorney General Terrence M. O'Neill and the Department of Correction Legal Affairs Unit.

(2) Defendants shall file their responses to the Complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If a defendant chooses to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(3) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(4) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(5) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(6) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)(2) provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff

has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

SO ORDERED at Harford, Connecticut this 5th day of October, 2015.

                                                        /s/
                                     Vanessa L. Bryant
                                     United States District Judge